IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTTY DEVON MILLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-136-ALB |
| | )               [WO] |
| SHERIFF BLAKE TRUMAN, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He files this *pro se* 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the named defendants during his incarceration at the Covington County Jail. Plaintiff names as defendants Sheriff Blake Turman, Scotts Racks, Alan Sightler, Johnny Loyd, Jamie Holloway, Edward Serento, Justin Potter, and Andalusia Health Care. Upon review, the court concludes that Plaintiff's complaint against Defendant Andalusia Health Care prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## **I. DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Except to the extent Plaintiff has paid the applicable filing and administrative fees, the court has granted him leave to proceed *in forma pauperis*. *See* Doc. 11. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's action challenges the conditions of his confinement at the Covington County Jail. Among the named defendants is Andalusia Health Care. Other than naming Andalusia Health Care as a defendant, Plaintiff makes no allegation that Defendant Andalusia Health Care was engaged in any wrongdoing against him. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff neither makes any allegation of a constitutional violation against Defendant Andalusia Health Care, nor suggests that this entity was personally involved in the constitutional violations about which he complains, his complaint against this defendant is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Andalusia Health Care be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendant Andalusia Health Care be TERMINATED as a party to the complaint;

3. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before December 19, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge